Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WAYNE R. ANDERSEN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 2788 | DATE | JANUARY 24, 2003 |
| CASE TITLE | Smith v. Boyle | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss [10] is denied. Defendants are given 20 days to answer or otherwise plead to the complaint. Plaintiff's motion for continuance of this cause for 90 days to allow the instant plaintiff to exhaust his state remedies [8] is denied as unnecessary because the court deems plaintiff to have exhausted his administrative remedies. Plaintiff's motion of discovery and requests [14] is denied as unnecessary because he does not need these documents to demonstrate that he has exhausted his administrative remedies. Plaintiff's motion to compel further statement of claim [15] is denied as unnecessary.

(11) ■ **[For further detail see attached Memorandum Opinion and Order.]**

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JAN 27 2003 date docketed | 21 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CLH /tab | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JAN 2 7 2003

RONALD SMITH, )
)
        Plaintiff, )
) Judge Wayne R. Andersen
v. )
) No. 02 C 2788
OFFICER JOSEPH BOYLE # 2786 )
OFFICER PATRICK PURTILL # 4719 )
OFFICER BRIAN GALLAGHER # 4333 )
DAVID RIBALDO # 5077 )
SGT. THOMAS KUSH # 166 )
JIM DOLEHIDE # 4778 )
)
        Defendants. )

## MEMORANDUM, OPINION AND ORDER

Plaintiff Ronald Smith brings this *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that officers at Cook County Jail assaulted him on several occasions. Defendants Ofc. Joseph Boyle, Ofc. Patrick Purtill, Ofc. Brian Gallagher, Ofc. David Ribaldo, Sgt. Thomas Kush, and Ofc. Jim Dolehide have filed a motion to dismiss, claiming that Smith failed to exhaust his administrative remedies before filing this action. For the following reasons, defendants' motion to dismiss is denied.

### I. Standard of Review on a Motion to Dismiss

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading requires only that the plaintiff "set out in her complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*,



195 F.3d 950, 951 (7th Cir. 1999). When ruling on a motion to dismiss, the court assumes that well-pleaded allegations are true and draws all reasonable inferences in the light most favorable to the plaintiff. *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999), *cert. denied*, 530 U.S. 1234 (2000). This rule has particular force when considering the allegations of a *pro se* complaint, which are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, *pro se* complaints are to be liberally construed. *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988).

## II. Facts

The following facts are drawn from Smith's complaint, affidavits and exhibits filed on August 20, 2002, and a supplemental response filed on October 28, 2002. The court has arranged these events in chronological order.

On November 8, 2000, Officer Joseph Boyle was conducting a search of Smith's property. He looked through a folder of legal papers, then threw it down scattering the papers. Boyle told Smith to pick them up. Smith asked why he should pick them up when Boyle had thrown them down. Boyle approached Smith and said, "Oh, you're a tough guy huh?" He then kneed Smith in the groin who fell to the floor. Boyle ordered Smith to get up but he was in too much pain. Officers Ribaldo and Dolehide were present throughout this encounter but did not respond to Smith's request to call a doctor nor did they try to stop Boyle. Sgt. Kush ordered Smith to go to court or else he would be charged with assault on an officer. Later that day, Boyle filed assault charges against Smith. Smith's attorney advised him not to speak to any jail officials regarding the assault because of Smith's pending criminal case and fears of retaliation.

2

Smith was later taken to Cook County Hospital where surgery was performed to remove blood clots from his scrotum.

On November 13, 2000, Smith was back in court. Boyle approached him and kneed him again. On November 17, 2000, Lt. Tim Burns issued a memo stating that Boyle should not have contact with Smith. On November 20, 2000, Smith's father filed a complaint with the Sheriff against Boyle.

On February 16, 2001, Detective Purtill told Smith to give him his shoes so he could check if Smith had concealed anything in them. Purtill then hit Smith on either side of his head with the shoes, while Officer Gallagher stood by laughing.

On February 21, 2001, the investigation of Cr #00-11-038, which had been lodged against Boyle, was completed and Smith's charges against Boyle were classified as "not sustained."

On April 26, 2001, while escorting Smith to the bullpen, Officer Dolehide, along with Boyle, Gallagher, and Purtill, grabbed Smith around the neck and pushed his head into a closed door.

On August 23, 2001, Smith filed a complaint regarding these assaults, *Smith v. Sheahan*, 01 C 6580. On August 28, 2001, this complaint was dismissed for failure to exhaust administrative remedies.

On August 30, 2001, Smith filed a grievance; however, it was not processed because it contained more than one incident.

On September 17, 2001, Smith filed one grievance for each incident. However, as of August 16, 2002, Chief Stephen Moorehead had not responded to the grievances.

On September 20, 2001, the assault charges against Smith in regard to the November 8, 2000, incident were dismissed.

On September 24, 2001, Smith was transferred to the Joliet Correctional Center. While he was at Joliet, a grievance officer came and spoke with him about his grievance. Smith signed papers so that the grievance officer could obtain his medical records. The grievance officer told Smith that he would hear from him. However, Smith has never heard from the grievance officer or any one else from Cook County Jail in regard to the grievances filed on September 17, 2001.

On April 17, 2002, Smith filed the instant complaint.

### III. Analysis

Exhaustion of administrative remedies, pursuant to the Prison Litigation Reform Act, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violations based on use of excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). Under 42 U.S.C. § 1997e(a), the court is directed to dismiss a suit brought with respect to prison conditions if the court determines that a plaintiff has failed to exhaust his administrative remedies. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532 (7th Cir. 1999). The exhaustion requirement was further explained in *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999), which stated:

> [I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim. The potential effectiveness of an administrative response bears no relationship to the statutory requirement that prisoners first attempt to obtain relief through administrative procedures.

4

The Detainee Grievance Procedure is contained in the Cook County Department of Corrections General Order No. 14.5. The procedures provide that within five days of receipt of the resolved grievance, the Correctional Rehabilitation worker (CRW) will provide a written copy of the findings to the detainee. If the grievance is not resolved, the CRW shall notify the detainee in writing of the status of the case. If a detainee wishes to appeal the grievance decision, the detainee will have five working days from receipt of the decision to appeal to the Administrator of Program Services or designee.

Defendants argue that Smith did not exhaust all of the administrative remedies available to him. First, they claim that Smith did not appeal or file a grievance protesting the finding of the Internal Affairs investigators that Smith's father's complaint against Boyle was "not sustained."

This argument may be dispensed with quickly. First, Smith did not file the complaint with the Sheriff's office. His father did. The court fails to see how Smith is obligated to appeal a complaint his father filed, even though it involved the alleged assaults on Smith. Second, the court has examined the Cook County Department of Corrections Detainee Grievance Procedure and has not located any written procedure for filing an appeal of a finding of Internal Affairs investigators.

Second, defendants argue that Smith admits that his grievances, which he filed on September 17, 2001, are still pending and that Smith in fact has requested an extension of time from this court in order to have the grievance process completed. As a general rule, an inmate must comply with the rules established by the State with respect to the form and timeliness of

grievances. *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir.2002). But in this case, unlike in *Pozo*, Smith alleges that he had received no response to his grievances, filed on September 17, 2001, as of the date he lodged this action on April 17, 2002. The Seventh Circuit has recently held that prison officials' failure to respond to an inmate's grievances renders administrative remedies "unavailable" and excuses the prisoner from pursuing them further. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Smith states that a grievance officer came to Joliet and interviewed him and told Smith that he would hear from him. It appears that the jail accepted the grievances and was considering them. What was Smith supposed to do when he did not hear anything? Should he have badgered Cook County Jail officials until he got some kind of response? Rather, it appears from the Detainee Grievance Procedure that the CRW has the responsibility for keeping the grievant informed as to the status of the grievance. After waiting seven months, a more than reasonable time for jail officials to respond to his grievances, Smith then filed this action.

Defendants' argument that because Smith seeks an extension of time to complete the grievance procedure he is therefore admitting that he has not exhausted his administrative remedies is spurious. Smith is proceeding *pro se*. He has already had one action dismissed because he had not exhausted his administrative remedies. It appears that he sought an extension because he did not realize that the failure of jail officials to respond to his grievances rendered his administrative remedies "unavailable."

The court accordingly deems Smith to have exhausted his administrative remedies.

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss is denied. Defendants are given 20 days to answer or otherwise plead to the complaint. Smith's motion for continuance of this cause for 90 days to allow the instant plaintiff to exhaust his state remedies is denied as unnecessary because the court deems Smith to have exhausted his administrative remedies. Smith's motion of discovery is denied as unnecessary because he does not need these documents to demonstrate that he has exhausted his administrative remedies. Smith's motion to compel further statement of claim is denied as unnecessary.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: January 24, 2003