# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 2788 | **DATE** | 9/29/2004 |
| **CASE TITLE** | Ronald Smith vs. Officer Joseph Boyle et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant in part and deny in part the motion for partial summary judgment [46-1] brought by defendants Boyle, Purtill, Dolehide, Ribaldo, Kush and Gallagher. This case is set for status on 10/14/2004 @ 9:00 a.m.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 29 2004 date docketed | 55 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | rbf docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| TSA | courtroom deputy's initials | 2004 SEP 29 AM 8:12 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
DOCKETED
SEP 2 9 2004

| | | |
|---|---|---|
| Ronald Smith, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) No. 02 C 2788 | |
| | ) | |
| Officer Joseph Boyle, Officer Patrick Purtill, Officer Brian Gallagher, Officer David Ribaldo, Sgt. Thomas Kush, Jim Dolehide | ) Wayne R. Andersen ) District Judge ) ) ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendants, Officer Joseph Boyle, Officer Patrick Purtill, Officer Jim Dolehide, Officer David Ribaldo, Sergeant Thomas Kush and Officer Brian Gallagher for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiff's *pro se* complaint alleges four separate incidents of excessive force and failure to intervene against the Defendant Cook County Sheriff Deputies. Plaintiff was a pretrial detainee at the Cook County Jail on the charge of first degree murder in November 2000. On November 8, 2000, Plaintiff was being escorted with other inmates to a court appearance. During the walk to court, Plaintiff was stopped for a routine search of his person by Cook County Sheriff's deputies. There was a disagreement between Plaintiff and Defendant Officer Boyle that resulted in Plaintiff's file folder containing his court papers being thrown to the ground. Plaintiff and Boyle exchanged words about who should pick up the papers.

During this confrontation, Defendant deputies Ribaldo and Dolehide were standing in the same hallway several feet away from Plaintiff and Boyle. Plaintiff claims that Defendant Boyle suddenly struck him in the groin with his knee, causing Plaintiff to drop to the ground. Plaintiff further claims that Defendants Dolehide and Ribaldo, who were standing nearby, failed to intervene to stop Boyle. According to Plaintiff, Defendant Sgt. Kush came on to the scene and asked Plaintiff where he wished to go, instead of summoning medical help. A short time later, paramedics from Cermak Health Services, the jail health facility, arrived to care for Plaintiff. Plaintiff was taken first to Cermak Health Services, and then to Cook County Hospital where he was treated for a blood clot in his testicle.

On November 13, 2000, Plaintiff was returning to court when he was allegedly stopped and asked by Officer Boyle about his physical condition. Plaintiff claims that during this questioning, Boyle again struck him in the groin with his knee. Plaintiff claims that deputies Dolehide and Ribaldo and Sgt. Kush were standing nearby and failed to intervene.

On February 16, 2001, Defendant Deputy Purtill was performing a routine search of Plaintiff's clothing in preparation for court. Plaintiff alleges that Purtill took Plaintiff's shoes and struck him in the side of the head several times during the search. Plaintiff claims that Defendant Gallagher was sitting nearby and laughed rather than help him or intervene. Plaintiff was arrested and charged with battery to Officer Purtill for striking Purtill in the head with the shoes.

Finally, on April 26, 2001, Officer Purtill testified about the February 16 incident at the sentencing hearing following Plaintiff's murder conviction. After the court sentenced Plaintiff to 35 years in prison, Plaintiff left the courtroom, escorted by Defendant Officer Dolehide. Plaintiff claims that as he walked from the courtroom to the lockup area for the courtroom, Dolehide

pushed him head first into a closed door, causing the door to open quickly, striking a female detainee. Plaintiff claims that Defendants Boyle, Purtill and Ribaldo, who were in the courtroom during the sentencing hearing, followed Dolehide into the lockup area and failed to prevent Dolehide from pushing him against the door. Plaintiff alleges he suffered a headache as a result of hitting the door.

Plaintiff's complaint alleges violations under the Civil Rights Act, 42 U.S.C. Section 1983. Plaintiff names as Defendants six individuals who allegedly either used excessive force against him or failed to intervene to prevent the excessive force.

## DISCUSSION

Summary judgment is appropriate when the parties' evidentiary materials show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe all allegations and favorable inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). However, in order to create a question of fact, a party responding to a summary judgment motion must set forth specific facts showing that there is a genuine issue of material fact for trial. *LINC Financial Corp. v. Onwuteaka*, 129 F.3d 917, 920 (7th Cir. 1997).

In support of their motion for summary judgment, Defendants Boyle, Purtill, Dolehide, Ribaldo, Kush and Gallagher argue that the facts established by Plaintiff are not sufficient to support his claim of failure to intervene or cruel and unusual punishment in violation of the Eighth Amendment. Specifically, they claim that Plaintiff fails to establish that certain Defendants had a reasonable opportunity to intervene and prevent the alleged excessive force and

3

that two of the incidents did not result in the "unnecessary and wanton infliction of pain" on Plaintiff because the use of force was *de minimis*.

I. Opportunity To Intervene And Prevent The Excessive Force

A law enforcement officer can be held liable under § 1983 for failure to intervene when he fails to stop other officers who "summarily punish" another in his presence. *Byrd v. Brishke*, 466 F. 2d 6, 13 (7th Cir. 1972). In order for an officer to be held liable for failure to intervene in for such an omission, Plaintiff must show that "the officer had reason to know: (1) that excessive force was being used, (2) that a citizen has been unjustifiably arrested (for unlawful seizure cases) (3) that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.2d 282, 285 (7thCir. 1994) *quoting Anderson v. Branen*, 17 F. 3d 552,556 (2nd Cir. 1994) (parenthetical information added) (emphasis in original).

    A.     November 8, 2000 Incident

Plaintiff alleges that Officer Boyle struck him in the groin during a routine search and that Officers Ribaldo and Dolehide and Sgt. Kush violated his constitutional rights by failing to intervene and stop Boyle. Defendants Dolehide, Ribaldo, and Kush have moved for summary judgment arguing that Plaintiff has failed to prove that these Defendants had a reasonable opportunity to intervene and prevent the harm from occurring.

Plaintiff testified at his deposition that he and Officer Boyle were five or six inches apart when Boyle struck him with Boyle's knee in his groin. Plaintiff testified that Officer Ribaldo was five or six feet away down the hallway when Boyle struck him. He further testified that there were other inmates, as well as other unidentified officers, between Ribaldo and Boyle at the time

4

Boyle struck Plaintiff. According to Plaintiff, Officer Dolehide was approximately ten feet from him and Boyle. Plaintiff also testified that there were other inmates and other unidentified officers in the hallway between Dolehide and Plaintiff and Boyle when Boyle struck him. It is uncontroverted that Officer Dolehide did not even see Boyle strike Plaintiff with his knee. Therefore, Dolehide certainly could not have prevented Boyle from striking Plaintiff. Further, discovery has not produced any evidence to show that Officers Ribaldo or Dolehide had any advance warning that Plaintiff was in danger of being struck by Boyle.

Sgt. Kush did not see Boyle strike Plaintiff. He did not see anything happen that he felt required intervention. Kush spoke to Plaintiff and called for medical help, which arrived at the courtroom bullpen shortly thereafter.

Based upon the foregoing, we conclude that Plaintiff has not shown any facts or circumstances to suggest that Dolehide, Ribaldo or Kush had a reasonable opportunity to intervene and prevent Boyle from suddenly striking Plaintiff with his knee. The incident occurred within a couple of seconds, and Ribaldo and Dolehide were six and ten feet away, respectively, with other officers and inmates between them and Plaintiff and Boyle. Moreover, Plaintiff's own testimony shows that Sgt. Kush did not appear on the scene of the incident until Plaintiff had already dropped to the ground. There are no facts to show that he a reasonable opportunity to intervene during Plaintiff's confrontation with Boyle. Without evidence showing that they had such an opportunity, Plaintiff's claim of failure to intervene in violation of his constitutional rights fails.

For these reasons, we grant Defendants Dolehide, Ribaldo and Kush's motion for summary judgment regarding the November 8, 2000 incident.

### B. November 13, 2000 Incident

Plaintiff was returning to court on November 13, 2000 when Officer Boyle allegedly approached him, asked by how he felt, and again struck him in the groin with his knee. Plaintiff claims that seven to ten other inmates were walking with him to court when Boyle approached him. Plaintiff testified at his deposition that there were other officers around at the time Boyle struck him, but he does not know their names. Plaintiff testified that he did not know if Dolehide was present for this incident, but he knew Dolehide as the regular deputy assigned to Judge Gaughan's courtroom. Sgt. Kush was not present for the alleged incident of November 13, 2000. Furthermore, there is no credible evidence that Ribaldo was present and reasonably could have intervened to stop the incident.

Therefore, the undisputed evidence shows that Plaintiff has not proven that Dolehide, Kush or Ribaldo were present at the November 13, 2000 incident. Therefore, Plaintiff cannot prove that these Defendants failed to intervene. For these reasons, Defendants Dolehide, Kush and Ribaldo's motion for summary judgment is granted as to the November 13, 2000 incident.

### C. February 16, 2001 Incident

Plaintiff alleges that on February 16, 2001, Defendant Officer Purtill struck him in the side of the head with Plaintiff's shoes during a routine search on his way to court. Plaintiff claims that Officer Gallagher violated his constitutional rights by failing to intervene to prevent the alleged abuse. Defendant Gallagher contends that Plaintiff has failed t demonstrate that he had a realistic opportunity to prevent the alleged harm from occurring.

We find that Plaintiff has not produced evidence to support his allegations that Defendant Gallagher failed to intervene to prevent the February 16, 2001 incident. Gallagher did not see

Purtill strike Plaintiff, nor did he see Purtill commit any act that required intervention to prevent harm to Plaintiff. Therefore, we grant Defendant Gallagher's motion for summary judgment regarding the February 16, 2001 incident.

### D. April 26, 2001 Incident

Plaintiff alleges that on April 26, 2001, Officers Purtill, Boyle, and Gallagher violated his constitutional rights by failing to intervene when Officer Dolehide allegedly pushed him into a door while escorting him to a courtroom lockup. Plaintiff claims that after his sentencing hearing before Judge Gaughan, Dolehide was walking him back to the lockup behind the courtroom and deputies Purtill, Boyle and Gallagher followed them. Plaintiff did not turn around to look at the officers as he was escorted back to the lockup, and he does not know how far they were away from him. Plaintiff testified that when he hit the door it was a sudden action that he did not have time to prevent. Plaintiff claims that he had a headache as a result of hitting the door open.

Based upon the foregoing, the undisputed evidence shows that, if in fact Officer Dolehide pushed Plaintiff against the swinging door, it happened suddenly. There is no evidence that Defendants Purtill, Boyle or Gallagher even saw the incident in question. Thus, there is simply no evidence to establish that the three officers had a realistic chance to intervene.

For these reasons, Plaintiff has failed to produce evidence to show that there is a genuine issue of material fact as to whether Defendants Boyle, Purtill or Gallagher violated his constitutional rights through inaction during this incident. They are, therefore, entitled to summary judgment regarding the April 26, 2001 incident.

II.  Use Of Force

The Eighth Amendment of the U.S. Constitution prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian,* 503 U.S. 1, 5 (1992). What is necessary to establish an "unnecessary and wanton infliction of pain" varies according to the nature of the alleged constitutional violation. *Hudson,* 503 U.S., at 5. In excessive force cases, "the core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *DeWalt v. Carter,* 224 F.3d 607 (7th Cir. 2000) *(quoting Hudson,* 503 U.S. at 6-7.) A court should examine a variety of factors in conducting this inquiry, including the need for application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner. *Hudson* 503 U.S. at 7. Although significant injury is not required, a claim ordinarily cannot be predicated upon *a de minimis* use of physical force. *Id.* at 9-10.

In this case, Defendants Purtill and Dolehide argue that they are entitled to summary judgment in their favor on the February 16, 2001 and April 26, 2001 incidents because they claim no more than *de minimis* force was used. We disagree.

There is at least some evidence to support Plaintiff's position that these two alleged attacks were unprovoked and led to injuries to the Plaintiff. The Eighth Amendment prohibits unnecessary and wanton infliction of pain on prisoners. We find that disputed issues of material fact exist as to whether Defendants Purtill and Dolehide violated the Eighth Amendment during these incidents.

8

For these reasons, Plaintiff has shown a genuine issue of material fact as to whether the actions of Defendants Purtill (February 16, 2001) and Dolehide (April 26, 2001) constituted excessive force. Therefore, we deny the motion for summary judgment on this issue.

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part the motion for partial summary judgment (#46-1) brought by Defendants Boyle, Purtill, Dolehide, Ribaldo, Kush and Gallagher. The motion is granted in the following respects: judgment is granted in favor of Defendants Dolehide, Ribaldo and Kush as to the November 8, 2000 incident; judgment is granted in favor of Defendants Dolehide, Kush and Ribaldo on the November 13, 2000 incident; judgment is entered in favor of Defendant Gallagher as to the February 16, 2001 incident; and judgment is entered in favor of Defendants Boyle, Purtill, and Gallagher as to the April 26, 2001 incident. Defendants Purtill and Dolehide's motion for summary judgment as to the use of excessive force in the February 6, 2001 and April 26, 2001 incidents is denied.

This case is set for status on October 14, 2004 at 9:00 a.m.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated: September 29, 2004